CHARLES DONUS, ADMINISTRATOR, ETC., APPELLANT, v. PUBLIC SERVICE RAILWAY COMPANY, RESPONDENT.

Submitted February 12, 1926—Decided May 17, 1926.

1. To sustain a cause of action based on negligence, the testimony must be such that negligence *may* be reasonably inferred. Negligence is a fact which must be shown. It will not be presumed.
2. To preclude the plaintiff from maintaining the action on the ground of contributory negligence, his conduct must have been negligent, and his negligence must have contributed to the injury in such a way that if he had not been negligent he would have received no injury from the act of the defendant.

3. It was not error for the trial court to nonsuit the plaintiff, when the undisputed testimony in the record shows that the decedent threw herself in front of an approaching electric car. The only reasonable inference from the testimony being suicide.

On appeal from the Hudson County Circuit Court.

For the appellant, *Alexander Simpson.*

For the respondent, *Joseph Coult.*

The opinion of the court was delivered by

BLACK, J. This suit was brought to recover damages under the Death act.

The case was tried in the Hudson Circuit Court, resulting in a judgment of nonsuit. The nonsuit was directed by the trial judge—*first,* on the ground that there was no negligence shown on the part of the defendant, and *second,* contributory negligence was shown on the part of the decedent. These are the alleged errors assigned as grounds of appeal. It is argued that the testimony in the record presenting jury questions. Two witnesses saw the accident, one William Yuengling, who was approaching the trolley car in an automobile, first saw the car when one hundred and twenty-five feet distant and the decedent seventy-five feet away. The other witness was Charles Richards, the motorman of the car that caused the injury. Their testimony is in accord, and is to the effect that on the 18th day of April, 1923, at four-fifteen P. M., the day of the accident, the car was going east on the Paterson plank road in Secaucus, at about twelve miles an hour. The witness William Yuengling testified: "When I first saw the woman, the woman walked directly out to the trolley car; I should judge she walked out to about three feet from the track. She rolled down and covered up her face and dove underneath the car." "She stood three feet from this track and she kneeled down alongside the car as it approached her; covered up her head and dove underneath the car." "She was about three feet away from the track." "She dove practically

underneath the front bumper of the car." "He [*i. e.,* the motorman] blew the whistle." Charles Richards, the motorman, testified: "It was, I should judge, about thirty feet, that I seen this woman." "As my car proceeded, I blew my whistle and she stopped right by the rail and kneeled down and threw her head and body over the rail, that way." "She was in front of the car as she did this." "I was going 'about twelve miles,' the car went after the accident 'about five feet.'" "It took me all of a sudden and I jammed on my brakes." "It was as quick as she knelt right down; as soon as I seen her kneel down I jammed on my brakes." "I threw on my reverse."

The test to be applied by the trial judge is, whether negligence *may* be reasonably inferred from the testimony. *Metropolitan Railway Co.* v. *Jackson, L. R.,* 3 *App. Cas.* 197; *Newark Passenger Railway Co.* v. *Block,* 55 *N. J. L.* 605, 607. If none, there is no case to go to a jury. Negligence of the motorman cannot reasonably be inferred from the testimony in the record. It is difficult to see what more, if anything, the motorman either ought or could have done to avoid the occurrence. It is elementary, that negligence is a fact which must be shown. It will not be presumed. *Alvino* v. *Public Service Railway Co.,* 97 *N. J. L.* 526; *McCombe* v. *Public Service Railway Co.,* 95 *Id.* 187.

As to contributory negligence: The rule formulated and applied in many cases by this court is stated, thus, to preclude the plaintiff from maintaining the action his conduct must have been negligent, and his negligence must have contributed to the injury in such a way that if he had not been negligent he would have received no injury from the act of the defendant. *New Jersey Express Co.* v. *Nichols,* 33 *N. J. L.* 434, 439; *James* v. *Delaware, &c., Railroad Co.,* 92 *Id.* 162. The only natural conclusion to be drawn from the testimony is that Barbet Donus, the decedent, committed suicide by throwing herself in front of the approaching car. So, upon the undisputed testimony, the decedent was guilty of contributory negligence as a matter of law. This required the trial judge to nonsuit the plaintiff.

So, the ruling of the trial judge directing a nonsuit was not error.

The judgment of the Hudson Circuit Court is therefore affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 14.

*For reversal*—None.